**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **FREDERICK NORTHROP,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | |
| ) | |
| **AMERICAN EXPRESS BANK, FSB,** ) | |
| ) | Case No. 09-CV-005-TCK-TLW |
| **Defendant,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **MICHAEL E. HENTGES,** ) | |
| ) | |
| **Third Party Defendant.** ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Remand Case to State Court (Doc. 10).

**I.   Background**

On August 7, 2008, Plaintiff filed a Petition in the District Court of Tulsa County, Oklahoma ("State Court Action"), alleging that the collection efforts of Defendant American Express Bank, FSB ("American Express")[1] involved "fraudulent misrepresentations, extreme harassment and oppression, and defamation of character and credit." (Pet. ¶ 2.) Plaintiff prayed for the following relief: (1) a complete accounting; (2) a judgment against American Express declaring that Plaintiff is not indebted to American Express for any amount; and (3) in the alternative, judgment for breach of contract. (*Id.* Prayer for Relief.) American Express filed a counterclaim on September 22, 2008, alleging that at all relevant times, Plaintiff was the holder of: (1) an American Express Business Platinum Credit Card ("Business Platinum Card") that enabled him to charge items to an Business

---

[1] Plaintiff originally asserted claims against American Express Company. However, this Court granted American Express Company's motion to substitute American Express Bank, FSB as the proper Defendant in this action.

Platinum Account; and (2) an American Express Business Capital Credit Card ("Business Capital Card") that enabled him to charge items to a Business Capital Account.  In its counterclaim, American Express asserted claims for breach of contract, account stated, and unjust enrichment, seeking judgment against Plaintiff in the amount of $201,924.93 for unpaid amounts on the Business Platinum Card and $34,464.83 for unpaid amounts on the Business Capital Card.  On December 12, 2008, Plaintiff filed his Amended Petition, asserting for the first time that American Express violated the Fair Debt Collections Practices Act.  Thereafter, on January 7, 2009, American Express removed the case to this Court on the basis of federal question jurisdiction.  Plaintiff now seeks to remand the matter, contending that the removal was untimely filed.

**II.     Discussion**

Pursuant to 28 U.S.C. § 1446(b) ("Section 1446"), a notice of removal shall be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after service of summons upon the defendant is such initial pleasing has been filed in court and is not required to be served on the defendant."  Section 1446 goes on to state that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removed." *Id.*

Plaintiff makes two arguments in support of his contention that American Express' notice of removal was untimely filed: (1) the initial Petition "made it clear that removal jurisdiction existed" based on diversity jurisdiction (Pl.'s Mot. to Remand 3), so any notice of removal should

have been filed within thirty days of the service of the initial Petition; and (2) even if American Express was not certain that this matter was removable after service of the initial Petition, American Express' counterclaims, filed on September 22, 2008, indicate that American Express was aware of the basis for diversity jurisdiction by this point in time. The Court will address each argument in turn.

### A. Initial Petition

Plaintiff maintains that the initial Petition "specifically designated two distinct accounts on which [American Express] claims a balance of well more than $75,000.00," making it "clear that removal jurisdiction existed." (Pl.'s Mot. to Remand 3.) Plaintiff cites the following paragraphs of the Petition as indicating that removal jurisdiction existed: (1) Paragraph 3, which states that "Plaintiff never contracted for any responsibility on the Accounts"; and (2) Paragraph 6, which states that "Plaintiff also seeks a declaratory judgment that establishes that Plaintiff has no liability for the Accounts, and in particular that Plaintiff has no liability for the alleged charges which have been made on the Accounts." (*Id.*)

The Court finds that these statements are ambiguous in that they did not provide unequivocal notice of the right to remove. *See Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) (stating that when determining the timeliness of removal, the "notice ought to be unequivocal" and "should not be ambiguous") (internal citations omitted). Specifically, there is no clear indication in these cited paragraphs that $75,000 or more is potentially at stake in the litigation. Plaintiff contends that his general reference to the two accounts in Paragraphs 3 and 6 of the initial Petition necessarily implies that the claimed balance on both accounts is at issue. The Court finds such a reading to be a stretch, however, and to fall below the required "unambiguous" statement that

3

is necessary to start the clock on removal. Further, a review of Plaintiff's prayer for relief additionally demonstrates that the initial Petition fails to clearly indicate that more than $75,000 is at issue. Plaintiff's claims for relief include an accounting, a declaratory judgment that Plaintiff is not indebted to American Express for any amount, and, in the alternative, judgment for breach of contract. No specific claim for money damages is asserted therein. Therefore, the Court agrees with American Express that the initial Petition failed to clearly indicate the presence of diversity jurisdiction.

### B.      American Express' Counterclaims

Second, Plaintiff contends American Express' counterclaims, filed on September 22, 2008, indicate that American Express was aware of the basis for diversity jurisdiction by this point in time. According to Plaintiff, because these counterclaims sought more than $200,000 from Plaintiff, it was clear when American Express filed said counterclaims that the amount in controversy requirement was met. Plaintiff therefore maintains American Express' removal was untimely because it was not filed until January 2009 – more than thirty days after the counterclaims were filed.

The Court rejects Plaintiff's argument because it is premised around an erroneous assumption – namely, that the required jurisdictional amount for diversity jurisdiction can be met by considering a defendant's counterclaims. "The traditional rule has been that no part of the required jurisdictional amount can be met by considering a defendant's counterclaim." 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3725 (2009 Supp.). Indeed, "[t]he majority of courts have held that in removal cases the amount in controversy is determined without consideration given to the value of a defendant's counterclaim." *Dresser-Rand v. N. Natural Gas Co.*, No. 99-4165, 2000 WL 286733, *2 (D. Kan. Jan. 19, 2000)

(unpublished) (citing, *inter alia*, *Conference Am., Inc. v. Q.E.D. Intern., Inc.*, 50 F. Supp. 2d 1239, 1242 (M.D. Ala.1999) (holding that defendant's counterclaim should not be considered in determining amount in controversy in context of removal jurisdiction and citing numerous cases holding same); *Meridian Aviation Serv. v. Sun Jet Intern.*, 886 F. Supp. 613, 615 (S.D. Tex.1995) ("This Court agrees with those decisions holding that counterclaims may not be utilized in calculating the amount in controversy."); *Martin Pet Prod., Inc. v. Lawrence*, 814 F. Supp. 56, 58 (D. Kan. 1993) (noting that "the amount [in controversy] must be established by reference to the plaintiff's petition and not the defense or counterclaims")); *see Klutts Equip., Inc. v. Redstick, Inc.*, No. 09-CV-126, 2009 WL 1955314, *3 (E.D. Okla. July 6, 2009) (unpublished) (stating defendant's counterclaim, even if filed before removal, "could not be relied upon to satisfy the requisite amount in controversy"); *Algeo v. Mass Mut. Life Ins. Co*, No. 05-CV-734, 2006 WL 3350739, *5 (N.D. Okla. Nov. 17, 2006) (unpublished) (noting that the majority of courts have held that the amount in controversy for removal purposes "is to be determined solely by referring to the plaintiff's complaint without regard to any subsequently filed counterclaims").[2]

The Court therefore rejects Plaintiff's arguments that American Express was somehow compelled to file its notice of removal by an earlier date because of the amount at issue in its

---

[2] While some courts have declined to follow this traditional rule and have permitted consideration of counterclaims when determining amount in controversy, the Court agrees with those courts following the majority position. Determining the amount in controversy by referring to a plaintiff's complaint, and without regard to any subsequently filed counterclaims, is "consistent with the 'well-pleaded complaint rule,' which holds that as a general rule, federal question jurisdiction is to be determined solely by reference to the plaintiff's complaint." *Meridian Aviation Serv.*, 886 F. Supp. at 615.

counterclaims and finds American Express' notice of removal timely. Plaintiff's Motion to Remand Case to State Court (Doc. 10) is therefore DENIED.[3]

**IT IS SO ORDERED this 10th day of November, 2009.**

_____
**TERENCE KERN
UNITED STATES DISTRICT JUDGE**

---

[3] Because the Court denies motion to remand, the Court also declines to award fees and costs to Plaintiff, as requested in his motion. (*See* Pl.'s Mot. to Remand 4-6.)