### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FREDERICK NORTHROP, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| ) | |
| AMERICAN EXPRESS COMPANY, ) | |
| AMERICAN EXPRESS BANK, FSB ) | Case No.  09-CV-005-TCK-TLW |
| ) | |
| Defendants ) | |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL E. HENTGES, ) | |
| ) | |
| Third Party Defendant. ) | |

### OPINION AND ORDER

Before the Court is the Motion for Partial Summary Judgment (Doc. 60) filed by Defendant American Express Bank, FSB ("American Express").[1]

**I.    Background**

On August 7, 2008, Plaintiff Frederick Northrop ("Plaintiff") filed a Petition in the District Court of Tulsa County, Oklahoma, alleging that the collection efforts of American Express involved "fraudulent misrepresentations, extreme harassment and oppression, and defamation of character and credit." (Pet. ¶ 2.)  American Express filed a counterclaim on September 22, 2008, alleging claims for breach of contract, account stated, and unjust enrichment.  On December 12, 2008, Plaintiff filed his Amended Petition, claiming damages for wrongful collection practices under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, ("FDCPA claims"), the

---

[1] Plaintiff originally asserted claims against American Express Company.  However, the Court granted American Express Company's motion to substitute American Express Bank, FSB as the proper Defendant in this action.

Oklahoma Consumer Protection Act, and the Oklahoma Uniform Consumer Credit Code. American Express thereafter filed a Third Party Complaint against Michael Hentges ("Hentges") for breach of contract and unjust enrichment. American Express now seeks summary judgment on Plaintiff's claims under the FDCPA.

## II.     Summary Judgment Standard

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006) (citation omitted). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id.* (citation omitted). However, the party seeking to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party seeking to overcome a motion for summary judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

## III.    Discussion

"The FDCPA applies only to 'debt collectors' seeking satisfaction of 'debts' from 'consumers'; it does not apply to 'creditors.'" *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 501 (7th Cir. 2008) (internal citations omitted); *see Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) ("A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all."). Under the FDCPA, a "debt collector" is defined as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

*Id.* § 1692a(6). A "creditor" is defined as:

> [A]ny person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

*Id.* § 1692a(4).

American Express contends it is entitled to judgment on Plaintiff's FDCPA claims because, as a creditor, it does not meet the definition of debt collector under the statute. Plaintiff disputes this contention, however, and argues that American Express is liable because it was simply using the name of its attorney, James A. West, to collect its own debt. By this argument, Plaintiff invokes the "false name" exception, whereby a creditor will be deemed a debt collector if the "creditor or an affiliate of [the] creditor . . . uses someone else's name so as to suggest to the debtor that a third party is involved in the debt collection process, when in fact that party is not involved." *Nielson v. Dickerson*, 307 F.3d 623, 631 (7th Cir. 2002); *see* 15 U.S.C. § 1682a(6) (stating definition of "debt collector" includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts"); *Dean v. Gillette*, No. 04-2100-JWL, 2005 WL 957043, at *2 (D. Kan. April 25, 2005) ("[T]he 'false name' exception[] applies when a creditor uses someone else's name to give the 'false impression' that someone other than the creditor — usually, an attorney — is involved in the effort to collect the amounts owed."). "A creditor uses a name other than its own when it uses a name that implies that a third party is involved in collecting its debts, pretends to be someone else, or uses a

3

pseudonym or alias." *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) (internal quotations and citations omitted).

In support of this position, Plaintiff submits two affidavits — executed by himself and Hentges. (*See* Ex. 1 and 2 to Pl.'s Resp. to Def.'s Mot. for Partial Summ. J.). Therein, both Plaintiff and Hentges state that in West's attempts to collect the debt at issue in this case, West failed to indicate that he worked for American Express or was acting on behalf of American Express. Hentges further states that West demanded a check payable to him for the amount of the debt, indicating that he, and not American Express, was involved in collecting the debt at issue. Although these facts, standing alone, do not clearly indicate the application of the false name exception in this case, the Court finds there is a genuine issue of fact as to the relationship between American Express and West and whether American Express was using West's name in the process of collecting its own debts. American Express did not attach any exhibits to its Motion for Partial Summary Judgment and did not file a reply brief responding to Plaintiff's false name exception argument. American Express has therefore failed to provide any evidence or argument as to this issue and has not met its burden of "showing that no genuine issue of material fact exists." *Zamora*, 449 F.3d at 1112. Accordingly, the Court denies the motion for summary judgment as to Plaintiff's FDCPA claims.

### IV.  Conclusion

For the reasons stated herein, American Express' Motion for Partial Summary Judgment (Doc. 60) is DENIED.

**IT IS SO ORDERED this 30th day of September, 2010.**

*Terence C. Kern*

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**